


Eric A. Schaffer (ES 6415)
James C. Martin (*Pro hac vice*)
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-3131

Andrew L. Morrison (AM 1071)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400

*Attorneys for Wilmington Trust Company as Indenture Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| In re Solutia, Inc., *et al.*, | |
| Debtors. | |
| Wilmington Trust Company, as Indenture Trustee, and *Ad Hoc* Committee of Solutia Noteholders, | Case Nos. 07 CV 5997/5998 (GBD) |
| Appellants, | |
| -against- | |
| Solutia, Inc., | |
| Appellee. | |

----------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF APPELLANT'S MOTION TO MODIFY BRIEFING SCHEDULE

Appellant Wilmington Trust Company, as indenture trustee (the "Trustee"), respectfully submits this Memorandum of Law and accompanying Affidavit of Eric A. Schaffer in support of its motion pursuant to Federal Rule of Bankruptcy Procedure 8011 for an order modifying the current briefing schedule in these appeals of a judgment by the United States Bankruptcy Court for the Southern District of New York.

## **PRELIMINARY STATEMENT**

Before this Court are the related appeals of the Trustee and the *Ad Hoc* Committee of Solutia Noteholders from a judgment entered by the United States Bankruptcy Court for the Southern District of New York (Beatty, J.) on May 17, 2007. On June 26, 2007, this Court entered a scheduling order in Case No. 1:07-cv-5997 requiring the Trustee to file its memorandum of law in support of its appeal by September 19, 2007; requiring Solutia to file its opposition brief by December 5, 2007; and requiring the Trustee to file its reply brief by March 5, 2008. On July 10, 2007, the Clerk of the Court issued a Notice of Reassignment, assigning the *Ad Hoc* Committee's appeal at Case No. 1:07-cv-5998 to this Court. That appeal originally was before Judge Loretta Preska.

Recent developments in the Bankruptcy Court have created an immediate need for this Court's original briefing schedule to be modified. As set forth below, it is critical to the Appellants that their appeals be resolved prior to the conclusion of a plan process that now may be in its final stages in the Bankruptcy Court.

The importance of the appeals pending before this Court to the Solutia bankruptcy proceeding is clear from the very first sentence of the Bankruptcy Court's Memorandum Decision: "The resolution of this adversary proceeding affects the plan process." *In re Solutia, Inc.*, 2007 WL 1302609, at *1 (Bankr. S.D.N.Y. May 1, 2007). At the heart of these adversary proceeding appeals is the following issue: are Appellants' claims against Solutia secured? If they are, then the Trustee and the Solutia Noteholders will be treated as secured creditors under any plan of reorganization. If not, they will be treated as, and share in the recoveries of, Solutia's general unsecured creditors.

Solutia has filed a series of plans and disclosure statements, all of which treat the claims of the Trustee and the Noteholders as unsecured. If Solutia gets a disclosure statement approved and a plan of reorganization confirmed, it will be expected to seek to preclude this Court's

consideration of the Trustee's and the Noteholders' appeals on their merits by arguing that the appeals have become equitably moot. *See, e.g., In re Karta Corp.*, 342 B.R. 45, 53 (S.D.N.Y. 2006) (denying debtor's contention that appeal from bankruptcy court's order confirming plan of reorganization should be dismissed on grounds of equitable mootness).

It now appears that Solutia may be able to get a revised plan and disclosure statement approved on or about August 15, 2007. The Bankruptcy Court tentatively has indicated that, if a disclosure statement is approved by August 15, 2007, a confirmation hearing will be held on October 9-11, 2007. If an amended plan of reorganization is confirmed at that time, it could become effective as early as mid-November, 2007.

As noted above, resolution of the status of the Trustee's and the Noteholders' claims is an important part of the plan process. In order to assure that the appeals from the Bankruptcy Court's final judgment in the adversary proceeding pending before this Court are not nullified and that the status of the Trustee's and the Noteholders' claims is determined on the merits, it now is essential that the briefing in these appeals be expedited.

## **FACTS**

A fuller recitation of the procedural history of this case and additional supporting discussion is set forth in the accompanying Affidavit of Eric A. Schaffer, sworn to August 8, 2007, which is hereby incorporated by reference.

## ARGUMENT

## A MODIFIED BRIEFING SCHEDULE IS WARRANTED

This court has "inherent power ... to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Charter Nat. Life Ins. Co. v. FPL Group Capital, Inc.*, No. 95 Civ. 9067, 1997 WL 151033, at *1 (S.D.N.Y. April 1, 1997) (quoting *Landis v. North America Co.*, 299 U.S. 248 (1936) (Cardozo, J.)) (internal quotations omitted); *see also Don King Productions, Inc. v. Hopkins*, No. 04 Civ. 9705, 2004 WL 2997800, at *2 (S.D.N.Y. Dec. 23, 2004) ("a district court possesses the inherent power to control its own docket and calendar") (citing *Landis*, 299 U.S. at 254-55).

Adherence to the current briefing schedule would work substantial prejudice on Appellants and their rights as against Solutia. Under that schedule, the briefing in these appeals will not conclude until March 2008, which may be long after the Bankruptcy Court's confirmation of Solutia's plan of reorganization. And, as noted above, confirmation of the plan could result in a motion to dismiss these appeals on grounds of equitable mootness. Without addressing the merits of such a motion, the Trustee obviously prefers to avoid sparring over a motion which could foreclose Appellants from securing an adjudication of their claims on the merits.

Similar prospects of prejudice have led this Court to expedite appeals from the bankruptcy court in other cases. For example, in *In re Dairy Mart Convenience Stores, Inc.*, 272 B.R. 66 (S.D.N.Y. 2002), *aff'd on other grounds*, 351 F.3d 86 (2d Cir. 2003), this Court found that the appellant stated a compelling case for expedited review where a prejudgment remedy (a letter of credit) obtained by an otherwise unsecured creditor was about to expire. *Id.* at 70. There, the "alleged transformation from a secured to an unsecured creditor," coupled with the procedural posture, was enough to convince this Court that expedited review was warranted. *Id.* at 70 n. 3.

Because of Solutia's efforts to attain confirmation of its plan, the potential for the equitable mootness issue to arise in the near future is a real possibility absent expedited scheduling of the appeals. Recognizing the need to expedite the resolution of these appeals, the Trustee and the Noteholders have filed their opening briefs concurrently with the filing of the motion to modify the briefing schedule, well in advance of the September 19, 2007 deadline established by this Court's scheduling order.

Rule 8009 of the Federal Rules of Bankruptcy Procedure provides that, except as otherwise ordered by the appellate court, appellee's brief shall be filed within 15 days after service of appellant's brief. With Rule 8009 in mind, and because of the irreparable harm that the Trustee and the Noteholders may face if their appeals remain on the current briefing schedule, the Trustee and the Noteholders propose that the Court's scheduling order be modified to provide that the opposition brief of Solutia be filed within 20 days of the service of the Trustee's and the Noteholders' opening brief, and that any reply briefs be filed within 15 days of the service of Solutia's opposition brief. The *Ad Hoc* Committee of Solutia Noteholders joins in this request.

## CONCLUSION

The reasons underlying the advance of the briefing schedule are compelling and warrant relief from this Court. For those reasons, the Trustee respectfully requests the Court to modify the original briefing schedule to provide that: Solutia's responding brief be filed within 20 days of service of the Trustee's and Noteholders' opening brief; and that the Trustee's and Noteholders' reply briefs be filed within 15 days of service of Solutia's opening brief. In addition, the Trustee requests that such revised briefing schedule also be made applicable in the *Ad Hoc* Committee's related appeal (Case No. 1:07-cv-5998).

Dated:   New York, New York
         August 8, 2007

                                            REED SMITH LLP

                                            By: /s/ Andrew L. Morrison
                                                Andrew L. Morrison (AM 1071)
                                                REED SMITH LLP
                                                599 Lexington Avenue
                                                New York, New York 10022
                                                (212) 521-5400

                                                Eric A. Schaffer (ES 6415)
                                                James C. Martin (*Pro hac vice*)
                                                REED SMITH LLP
                                                435 Sixth Avenue
                                                Pittsburgh, Pennsylvania 15219
                                                (412) 288-3131

                                                **Attorneys for Appellant Wilmington Trust Company, as Indenture Trustee**