Eric A. Schaffer (ES 6415)
James C. Martin (*Pro hac vice*)
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-3131

Andrew L. Morrison (AM 1071)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400

*Attorneys for Wilmington Trust Company as Indenture Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

*In re* Solutia, Inc., *et al.*,

                      Debtors.

Wilmington Trust Company, as Indenture Trustee, and
*Ad Hoc* Committee of Solutia Noteholders,

                      Appellants,

            -against-

Solutia, Inc.,

                      Appellee.

------------------------------------------------------------------x

Case Nos. 07 CV 5997/5998 (GBD)

## AFFIDAVIT OF ERIC A. SCHAFFER

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | |
| | ) | SS: |
| COUNTY OF ALLEGHENY | ) | |

ERIC A. SCHAFFER, being duly sworn, hereby deposes and says:

      1.      I am a member of the bar of this Court and a partner of Reed Smith LLP, counsel

for Appellant Wilmington Trust Company, as indenture trustee (the "Trustee"), in one of the

above-captioned appeals. I submit this affidavit in support of Appellant Wilmington Trust

Company's motion for an order modifying the Court's original briefing schedule. I have personal knowledge of the facts set forth below.

2.      On May 1, 2007, the United States Bankruptcy Court for the Southern District of New York, Beatty, J., issued a Memorandum Decision in an adversary proceeding, commenced by the Trustee's predecessor in interest, directing that judgment be entered in favor of the debtor, Solutia, Inc., and dismissing the Trustee's claims against Solutia.

3.      On May 17, 2007, the Bankruptcy Court entered a final judgment in favor of Solutia.[1]

4.      The Trustee and the *Ad Hoc* Committee of Solutia Noteholders filed separate, timely notices of appeal from the Bankruptcy Court's final judgment on May 29, 2007.

5.      The Trustee's appeal originally was docketed at Case No. 1:07-cv-5997, and assigned to this Court. The *Ad Hoc* Committee's appeal originally was docketed at Case No. 1:07-cv-5998, and assigned to the Honorable Loretta A. Preska.

6.      On June 26, 2007, this Court entered a scheduling order in Case No. 1:07-cv-5997 requiring the Trustee to file its memorandum of law in support of its appeal by September 19, 2007; requiring Solutia to file its opposition brief by December 5, 2007; and requiring the Trustee to file its reply brief by March 5, 2008.[2]

7.      On July 2, 2007, counsel for the Trustee and the *Ad Hoc* Committee jointly sent a letter to this Court and Judge Preska suggesting that the two appeals be consolidated before a single judge.

---

[1]      A copy of the final judgment is attached hereto as Exhibit 1.

[2]      Although no scheduling order has been entered in the Noteholders' appeal, all parties are proceeding as if the deadlines established by the June 26 scheduling order apply to the Noteholders' appeal as well.

8.     On July 10, 2007, the Clerk issued a Notice of Reassignment, assigning the *Ad Hoc* Committee's appeal at Case No. 1:07-cv-5998 to this Court.

9.     The importance of the appeals pending before this Court to the Solutia bankruptcy proceeding is clear from the very first sentence of the Bankruptcy Court's Memorandum Decision: "The resolution of this adversary proceeding affects the plan process." *In re Solutia, Inc.*, 2007 WL 1302609, at \*1 (Bankr. S.D.N.Y. May 1, 2007).

10.     Indeed, at the heart of these adversary proceeding appeals is the following issue: are the Trustee's and the Noteholders' claims against Solutia secured? If they are, then the Trustee and the Noteholders will be treated as secured creditors under any plan of reorganization. If not, they will be treated as, and share in the recoveries of, Solutia's general unsecured creditors.

11.     Solutia concurs with this assessment. In its first disclosure statement filed with the Bankruptcy Court on February 14, 2006, Solutia stated that, if the Bankruptcy Court were to conclude in the adversary proceeding that the Trustee's and the Noteholders' claims were "secured, then the Holders of the Debentures would be entitled to Allowed Secured Claims in the amount of approximately $455 million plus interest, fees and expenses (the 'JPM Claim'). The JPM Claim would be treated as a Secured Claim." *See* Docket No. 2856, page 50, Case No. 03-17949 (Bankr. S.D.N.Y.).[3]

---

[3]     The Trustee respectfully requests that this Court take judicial notice of this and other docket entries before the Bankruptcy Court in the Solutia bankruptcy proceeding, case number 03-17949 (Bankr. S.D.N.Y.). *See Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 220 F. Supp. 2d 289, 293 n.4 (S.D.N.Y. 2002) (taking "judicial notice of Marvel's filing in the bankruptcy proceeding under Fed. R. Evid. 201") (citation omitted); *First Capital Asset Mgmt, Inc. v. Brickellbush, Inc.*, 219 F. Supp. 2d 576, 584 (S.D.N.Y. 2002) (taking judicial notice of "[r]ecords on the bankruptcy court's electronic filing system").

12.    On May 16, 2007, shortly after the Bankruptcy Court issued its Memorandum Decision, Solutia filed with the Bankruptcy Court its First Amended Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code and its First Amended Joint Plan of Reorganization, in which it referenced the Bankruptcy Court's decision in the adversary proceeding and stated that the claims of the Noteholders were to be treated as unsecured. *See* Docket No. 3831, pages 61-62, Case No. 03-17949 (Bankr. S.D.N.Y.); Docket No. 4015, pages 7, 27, Case No. 03-17949 (Bankr. S.D.N.Y.). Each subsequent disclosure statement proposed by Solutia similarly confers the same unsecured status on the claims of the Trustee and the Noteholders.

13.    If Solutia gets a disclosure statement approved and a plan of reorganization confirmed, it will be expected to seek to preclude this Court's consideration of the Trustee's and the Noteholders' appeals on their merits by arguing that the appeals have become equitably moot. *See, e.g., In re Karta Corp.*, 342 B.R. 45, 53 (S.D.N.Y. 2006) (denying debtor's contention that appeal from bankruptcy court's order confirming plan of reorganization should be dismissed on grounds of equitable mootness).

14.    Any potential mootness objection to the appeals here has thus far been a non-issue because Solutia repeatedly has failed in its efforts to have a disclosure statement approved. Solutia's First Amended Disclosure Statement drew numerous objections. *See, e.g.,* Docket Nos. 4019, 4042, Case No. 03-17949 (Bankr. S.D.N.Y.).

15.    In attempting to address these objections, Solutia filed a Second Amended Disclosure Statement on July 9, 2007. *See* Docket No. 4014, Case No. 03-17949 (Bankr. S.D.N.Y.). Since July 9, Solutia has submitted to the Bankruptcy Court both a Third Amended Disclosure Statement (on or about July 25, 2007) and a Fourth Amended Disclosure Statement (on or about August 1, 2007).

16.    The Bankruptcy Court tentatively has indicated that, if a disclosure statement is approved by August 15, 2007, a confirmation hearing will be held on October 9-11, 2007. If an amended plan of reorganization is confirmed at that time, it could become effective as early as mid-November, 2007.

17.    Based on this schedule, the Trustee and the Noteholders face the prospect of substantial prejudice if the appeals are not expedited. As noted above, resolution of the status of the Trustee's and the Noteholders' claims is an important part of the plan process. In order to assure that the appeals from the Bankruptcy Court's final judgment in the adversary proceeding pending before this Court are not nullified and that the status of the Trustee's and the Noteholders' claims is determined on the merits, it now is essential that the briefing in these appeals be expedited.

18.    Because of Solutia's efforts to attain confirmation of its plan, the potential for the equitable mootness issue to arise in the near future is a real possibility absent expedited scheduling of the appeals. Recognizing the need to expedite the resolution of these appeals, the Trustee and the Noteholders have filed their opening briefs concurrently with the filing of the motion to modify the briefing schedule, well in advance of the September 19, 2007 deadline established by this Court's scheduling order.

19.    Rule 8009 of the Federal Rules of Bankruptcy Procedure provides that, except as otherwise ordered by the appellate court, appellee's brief shall be filed within 15 days after service of appellant's brief. With Rule 8009 in mind, and because of the irreparable harm that the Trustee and the Noteholders may face if their appeals remain on the current briefing schedule, the Trustee and the Noteholders propose that the Court's scheduling order be modified to provide that the opposition brief of Solutia be filed within 20 days of the service of the Trustee's and the Noteholders' opening brief, and that any reply briefs be filed within 15 days of the service of Solutia's opposition brief.

20.     The Trustee reserves the right to seek additional relief, depending on developments in the underlying bankruptcy case.

21.     The *Ad Hoc* Committee of Solutia Noteholders joins in the Trustee's motion to modify the briefing schedule.

22.     We requested Appellee Solutia's consent to modify the briefing schedule. Specifically, I spoke with Solutia's counsel, Thomas L. Campbell, on August 7, 2007. Mr. Campbell informed me that he would speak with his client and let me know Solutia's position. As of the filing of the motion to modify the briefing schedule, Solutia has not advised us of its position.

Dated:    New York, New York
          August 8, 2007

                                        REED SMITH LLP
                                        By:
                                            Eric A. Schaffer (ES 6415)
                                            REED SMITH LLP
                                            435 Sixth Avenue
                                            Pittsburgh, Pennsylvania 15219
                                            (412) 288-3131

                                        **Attorney for Appellant Wilmington Trust
                                        Company, as Indenture Trustee**

SWORN TO BEFORE ME

THIS  8<u>th</u>  DAY OF

_Avgust_____, 2007.

_Patricia R. Potter_
Notary Public

COMMONWEALTH OF PENNSYLVANIA
My Commission Expires:
Notarial Seal
Patricia R. Potter, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires Mar. 25, 2010
Member, Pennsylvania Association of Notaries

- 6 -