Eric A. Schaffer (ES 6415)
James C. Martin (*Pro hac vice*)
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Telephone: (412) 288-3131

*Attorneys for Wilmington Trust Company as Indenture Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| *In re* Solutia, Inc., *et al.*,<br><br>                Debtors.<br><br>Wilmington Trust Company, as Indenture Trustee, and *Ad Hoc* Committee of Solutia Noteholders,<br><br>                Appellants,<br><br>    -against-<br><br>Solutia, Inc.,<br><br>                Appellee. | Case Nos. 07 CV 5997/5998 (GBD)<br><br>[Electronically Filed] |

------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPELLANT WILMINGTON TRUST COMPANY'S MOTION TO MODIFY BRIEFING SCHEDULE**

Appellant Wilmington Trust Company, as indenture trustee (the "Trustee"), respectfully submits this Reply Memorandum of Law in further support of its Motion to Modify the Briefing Schedule in the above-captioned appeals.

As explained in its Motion to Modify the Briefing Schedule and supporting Memorandum of Law and affidavit, the Trustee filed its Motion in response to the first indication from the Bankruptcy Court that Solutia's amended disclosure statement could be approved, after which Solutia could seek confirmation of its amended plan of reorganization. Solutia Inc. and the Official Committee of Unsecured Creditors' ("Appellees") concede in their Joint Response

that such confirmation lays the groundwork for a possible equitable mootness challenge to the viability of these appeals. Expedition of these appeals—appeals that have the potential to substantially impact the plan process—is necessary to ensure this Court's adjudication of the merits of these appeals.

A.  **The Trustee Moved For A Modified Briefing Schedule As Soon As Practicable After The Bankruptcy Court First Indicated That It Might Confirm Solutia's Plan In The Near Future**

Appellees' chief contention in their Joint Response is that the Trustee sat on its rights by waiting to seek relief from this Court's briefing schedule until August 8, 2007, less than a month after this Court determined that both appeals would be assigned to Judge Daniels. *See* Joint Response at 2. They say that Appellants "have known for months about the Debtor's plan of reorganization and the effect it might have on their appeal." *Id.*

Of course, Appellants "have known for months about the Debtor's plan," but only early *this month* did *confirmation* of the plan first emerge as a distinct possibility, and it is plan confirmation—not the mere existence of a proposed plan—that could affect these appeals by virtue of an equitable mootness objection. During a hearing on August 1, 2007, the Bankruptcy Court first indicated tentatively its intent to conduct a plan confirmation hearing during the week of October 9, 2007. Prior to this announcement, there was no urgency to expedite these appeals because Solutia had failed repeatedly in its efforts to submit a disclosure statement that was satisfactory to the Bankruptcy Court.

The difference now is that, only a week before the Trustee filed its Motion to Modify, the Bankruptcy Court gave its first indication that approval of a disclosure statement could occur in the near future. Appellees' argument that Appellants sat on their rights therefore misses the

mark.[1] And in any event, the need for expedited disposition exists and the grounds supporting the Trustee's request remain.

**B.  Appellees Confirm The Real Prospect Of An Equitable Mootness Objection To These Appeals That Could Preclude An Adjudication Of Their Merits**

Appellees also contend that, given the possible equitable mootness issues concerning these appeals, Appellants should have moved the Bankruptcy Court to stay the bankruptcy proceedings until these appeals are resolved. *See* Joint Response at 4-5. Appellees' reference to equitable mootness concedes the point underlying the Trustee's request for relief here—that the prospect of an equitable mootness challenge to these appeals is now real and, without expedited briefing, very likely to be asserted by Appellees when and if the Bankruptcy Court confirms Solutia's plan.

**C.  These Appeals Contain No Surprises For Appellees, And They Have Had Three Months To Sharpen Their Research And Analysis Of The Issues On Appeal, Issues That Were Vigorously Litigated Before The Bankruptcy Court**

Appellees assert that the 20 days Appellants have asked this Court to give them to file their response brief would be inappropriate because Appellants have had a lengthy period since the appeals were lodged to prepare their briefing. *See* Joint Response at 5. The timeframe, however, is in keeping with procedural rules governing bankruptcy appeals. *See* Fed. R. Bank. P. 8009 (giving appellee 15 days within service of appellant's brief to file response brief). Appellees also ignore the fact that the parties vigorously litigated the very same issues raised in these appeals before the Bankruptcy Court: there are no surprises. Further, Solutia had every reason to anticipate an appeal given the outcome. Thus, Appellees could have been sharpening

---

[1]  Had the Trustee moved to expedite the briefing schedule in these appeals *prior to* the Bankruptcy Court's tentative scheduling of a confirmation hearing, Appellees almost certainly would have objected that such a motion was premature because confirmation was not even on the horizon.

their research and analysis of these issues, and preparing anticipated responses to the Trustee's arguments. The request for 20 days therefore is manageable.

**D.      This Court Should Grant Appellants' Motion To Modify, Or, Alternatively, Require Appellees To File Their Briefs Within 40 Days Of Receiving Appellants' Opening Briefs**

Solutia recently has proposed to the Bankruptcy Court that it schedule a plan confirmation hearing for October 15, 2007, not coincidentally the alternative date Appellees request in their Joint Response for filing their response brief. The expedited briefing schedule the Trustee has requested thus remains essential if the merits of Appellants' claims are to be adjudicated.

Alternatively, particularly in light of the time that has now elapsed since the date the Trustee filed its Motion to Modify, the Trustee proposes that this Court enter a modified briefing schedule (a) requiring Appellees to file their response briefs on or before September 17, 2007, 40 days from the date Appellants filed their opening briefs; and (b) requiring Appellants to file their reply briefs within 15 days of service of Appellees' response briefs.

**E.      Conclusion**

The reasons underlying the advance of the briefing schedule are compelling and warrant relief from this Court. For those reasons, the Trustee respectfully requests the Court to modify the original briefing schedule, either as originally requested in its Motion to Modify, or, in the alternative, in the way set forth above in Section D. In no event, moreover, should the briefing schedule be extended beyond the October 15, 2007 date proposed by Solutia in the Joint Response.

Dated:   New York, New York
         August 22, 2007

                         REED SMITH LLP

                         By: /s/ Eric A. Schaffer
                             Eric A. Schaffer (ES 6415)
                             James C. Martin (*Pro hac vice*)
                             REED SMITH LLP
                             435 Sixth Avenue
                             Pittsburgh, Pennsylvania 15219
                             (412) 288-3131

                        **Attorneys for Appellant Wilmington Trust Company, as Indenture Trustee**